**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LINDA LAFNEAR, as Administrator,    :
of the Estate of PATRICIA BOONE,    :
and Linda Lafnear Individually and    :
KENNETH COLE Individually,    :    C.A. No.: K25C-03-045 JJC
   :
       Plaintiffs,    :
   :
       v.    :
   :
BAYHEALTH MEDICAL CENTER,    :
INC., a Delaware Corporation,    :
   :
       Defendant.    :

Submitted: May 29, 2025
Decided:    June 2, 2025

## <u>ORDER</u>

This matter involves a medical negligence suit, proceeding under a theory of *respondeat superior*, filed by Plaintiffs Linda Lafnear, acting individually and as the administrator of the Estate of Patricia Boone (hereinafter, "Decedent"), and Kenneth Cole against Defendant Bayhealth Medical Center, Inc. (hereinafter, "Bayhealth"). Plaintiffs allege Decedent received negligent medical attention and supervision while hospitalized at Bayhealth's Kent General Hospital facility for angiodysplasia of the colon, anemia, blood positive stool, and low potassium. More specifically, Plaintiffs allege that as Decedent awaited discharge on December 18, 2023, she drank a quantity of chlorhexidine gluconate 4% soap solution that was left unattended at her bedside by employees of Bayhealth. Thereafter, Decedent became hypotensive and tachypneic, which required her to be intubated. She then developed hypovolemic shock, renal failure, and gastrointestinal bleed, which ultimately

resulted in her death. Plaintiffs further contend that due to Bayhealth's alleged negligence, Decedent's Estate incurred medical bills and funeral expenses in excess of $10,000, and that they have experienced, and will continue to experience, severe mental anguish, suffering, and grief resulting from the loss of their mother.

Bayhealth has now submitted a motion requesting that the Court perform an *in camera* review of the affidavit of merit filed in this case to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c). In Delaware, a plaintiff initiating a medical negligence action must file with the complaint an affidavit of merit as to each defendant.[1] This requirement "operates as a prophylactic measure" to prevent frivolous and meritless medical negligence claims.[2] As such, an affidavit of merit must be signed by an expert witness and accompanied by the expert's current *curriculum vitae*.[3] Even though the plaintiff must file the affidavit under seal, a defendant may request the Court to review it *in camera* to ensure it complies with the statutory requirements.[4] Generally, an affidavit that tracks the statutory language will be found compliant.[5]

As for the qualifications of the expert signing the affidavit, the expert must be licensed to practice medicine as of the date of the affidavit.[6] They must also have been engaged in the treatment of patients or in the academic side of medicine in the same or similar field of medicine as the defendant for the three years preceding the alleged negligence.[7] Furthermore, the affidavit must set forth the expert's opinion that there are reasonable grounds to believe that the defendant breached the

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] *Dishmon v. Fucci*, 32 A.2d 338, 342 (Del. 2011).
[3] 18 *Del. C.* § 6853(a)(1).
[4] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (citing 18 *Del. C.* § 6853(d)).
[5] *Dishmon*, 32 A.2d at 342–43.
[6] 18 *Del. C.* § 6853(c).
[7] *Id.*

applicable standard of care, and that the defendant's breach was a proximate cause of the injuries specified in the complaint.[8]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

(1) The expert signed the affidavit;

(2) The expert attached a *curriculum vitae*;

(3) The expert is currently licensed to practice medicine;

(4) The expert is Board certified in family medicine and osteopathic manipulative medicine;

(5) The expert has been engaged in the treatment of patients in the same or similar field of medicine as Bayhealth for the three years preceding the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specify that the expert practices as an inpatient hospitalist; and

(6) The expert recites that there are reasonable grounds to believe that Bayhealth, by and through its employees, breached the applicable standard of care as it related to Decedent's medical care at Kent General Hospital in manners that directly and proximately caused her injuries and ultimate death.

Accordingly, the affidavit of merit complies with the statutory requirements set forth in 18 *Del. C.* §§ 6853(a)(1) and (c) regarding the allegations in the complaint. Therefore, the Court finds that the affidavit of merit is **COMPLIANT** as to Bayhealth.

**IT IS SO ORDERED.**

/s/Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*

---

[8] *Id.*